UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JEFFREY WALTERS**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PPB OPCO, LLC d/b/a PULLIAM POOLS**,<br><br>*Defendant*. | Civil Case No.: 4:23-cv-101<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant, PPB OPCO, LLC's ("Defendant"), practice of advertising via unsolicited text message marketing to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff never provided Defendant prior express written consent to send telemarketing text messages to his telephone number.

3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

4. Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. § 227(c) and Section 305.053 of the Texas Business & Commerce Code.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C.

1

§ 1367(a), because it is so closely related to the federal claim that they form a single case or controversy.

7. The Court has jurisdiction over Defendant because Defendant is located in this District, Defendant conducts business transactions in this District and Defendant has committed tortious acts in this District.

8. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

9. Plaintiff Jeffrey Walters is, and at all times mentioned herein was, a citizen and resident of Arlington, Texas.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, a Delaware corporation with a business address of 2725 Altamesa Blvd., Fort Worth, Texas 76133.

12. Defendant may be served via its registered agent C T Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

14. Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its services.

15. These text messages come from (866) 824-0922.

16. Because these text messages advertise Defendant's services, they constitute telemarketing messages and telephone solicitations.

### **PLAINTIFF WALTERS' FACTUAL ALLEGATIONS**

17. Plaintiff Walters is the sole and customary user of cellular telephone number (XXX)-XXX-6084.

18. Plaintiff Walters' cellular telephone number, (XXX)-XXX-6084, is a personal telephone number and is used for residential purposes.

19. Plaintiff Walters' cellular telephone (XXX)-XXX-6084 has been on the National Do-Not-Call Registry since March 29, 2013. Plaintiff Walters registered his cellular telephone (XXX)-XXX-6084 on the National Do-Not-Call Registry on March 29, 2013.

20. On January 16, 2023 at 12:40pm, Mr. Walters received two text messages from (866) 824-0922.

21. The first text message was as follows:

> Text Message
> Monday 12:40
>
> Hey, Pulliam Pools Owner!
>
> Does your maintenance company prepare you for freezing temperatures and educate you on winterization? Make the switch to Pulliam Pools Weekly Maintenance to receive your first, four weeks FREE and to be eligible for the winterization stickers that assist you in equipment preparation, and on what to do if your freeze guard fails!
>
> This promotion only applies to new weekly maintenance customers.
>
> Click the link below to receive a weekly maintenance service quote and receive the first four weeks FREE!
> https://pools.formstack.com/forms/pulliam_pools_weekly_maintenance_service_promotions_request_2023

22. The second text message was as follows:



23. Mr. Walters never provided prior express written consent (or any consent) to Defendant for these text messages.

24. Mr. Walters was not and is not a "Pulliam Pools Owner."

25. Pulliam Pools did not install a pool for Mr. Walters.

26. Mr. Walters has no business relationship with Defendant.

## DEFENDANT'S LIABILITY

27. The TCPA prohibits making multiple telephone solicitation calls[1] to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

28. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

---

[1] Although the TCPA does not define a "call," the FCC has interpreted the TCPA to encompass both voice calls and text calls or text messaging. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.Rcd. 14014, 14115 (July 3, 2003). Federal courts up to and including the Supreme Court have endorsed the FCC's regulation that the TCPA applies to text messages. *See, e.g., Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016).

29. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

30. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

31. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

32. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

33. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

34. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy; and
- Nuisance.

35. These forms of actual injury are sufficient for Article III standing purposes.

## VIOLATIONS OF TEXAS STATE LAW

36. Pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who

receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

37. As set forth above, Defendant violated 47 U.S.C. § 227 and regulations adopted under that provision.

38. Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or his actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

39. Plaintiff is entitled to an additional $1500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "DNC Class" and "Texas Class" (together, "the Classes") as defined as follows:

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's services (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.
>
> (the "DNC Class")
>
> Plaintiff and all residents of the State of Texas (1) to whose telephone number Defendant placed (or had placed on its behalf) a text message (2) in violation of 47 U.S.C. § 227 or the regulations found at 47 C.F.R. § 64.1200, (3) from four years prior to the filing of the Compliant to the date of certification.
>
> (the "Texas Class")

41. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to

6

whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

42. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

43. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its text messages;

    b. The telephone numbers to which Defendant placed its text messages;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such text messages;

    e. The names and addresses of Class members.

44. The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

45. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant sends telemarketing text messages or has them sent on its behalf;

    b. Whether Defendant obtains prior express written consent;

    c. Whether Defendant or the entity with which it contracts to send its messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

    d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

46. Plaintiff is a member of the Classes in that Defendant placed two or more texts for telemarketing purposes in a one-year period to his telephone number when his telephone number was on the National Do-Not-Call Registry.

47. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

48. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted text messages, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

49. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

50. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

51. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

52. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

54. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and DNC Class)

55. Plaintiff and the proposed DNC Class incorporate the foregoing allegations as if fully set forth herein.

56. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and DNC Class Members' telephone numbers.

57. Plaintiff's and DNC Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

58. Plaintiff and DNC Class Members each received two or more such text messages in a 12-month period.

59. Plaintiff and DNC Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff and DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of Texas § 305.053 Class

61. Plaintiff and the proposed Texas Class incorporate the foregoing allegations as if fully set forth herein.

62. Defendant placed, or had placed on its behalf, telemarketing telephone text messages to Plaintiff and Texas Class Members' telephone numbers.

63. Each of these calls violated 47 U.S.C. § 227(c).

64. Further, Defendant placed calls for the purpose of making a sale to Plaintiff and Texas Class Members' telephone numbers without their consent.

65. Plaintiff and Texas Class Members are entitled to:

   a. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

   b. the greater of $500 for each violation or Plaintiff's and Texas Class Members' actual damages (*see* Tex. Bus. & Com. Code §304.053(b));

   c. the greater of $1,500 for each violation or Plaintiff's and Texas Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c)).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. 64.1200(c)(2);

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H.	Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** February 2, 2023	By: ___*/s/ Chris R. Miltenberger*___
	Chris R. Miltenberger
	Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com
(*Pro Hac Vice* to be filed)